167 So. 178

## SIMPSON v. FIRST NAT. LIFE INS. CO.

No. 33488.

Nov. 4, 1935.

Dec. 2, 1935.

On Rehearing March 2, 1936.

Rehearing Denied March 30, 1936.

Normann & McMahon and Harold M. Rouchell, of New Orleans, for First Nat. Life Ins. Co.

Jewell A. Sperling, of New Orleans, for Ada Simpson.

BRUNOT, Justice.

For the reasons assigned in Albertine Decoy v. First National Life Insurance Co., 184 La. 632, 167 So. 172, this day handed down, it is ordered that this case be redocketed in order that the manifest error pointed out in the reasons assigned for redocketing the Decoy Case may be corrected before the final submission hereof.

O'NIELL, C. J., dissents.

## On Rehearing.

ODOM, Justice.

The application for writs in this case presents precisely the same questions of law as those presented in the application for writs in the case of Albertine Decoy v. First National Life Insurance Co., 184 La. 632, 167 So. 172, this day decided on rehearing. The insurance policy involved in this case is identical with that in the Decoy Case, except as to names, dates, and amounts.

It is not necessary to state in this case our conclusions as to the questions of law involved in cases of this kind, because we have already stated them in the Decoy Case. In this case, as in the Decoy Case, there were certain facts involved all relating to the question whether the reserve properly apportioned to this policy was sufficient to carry it beyond the date on which deceased died. In this case, as in the Decoy Case, it appears that the pol-

icy was kept in force by the payment of the required weekly premiums for more than three years and that the policy lapsed because of the failure of the insured to pay four weekly premiums. It was contended by plaintiff in this case, as in the Decoy Case, that the reserve which should have been apportioned to the policy was sufficient to keep it alive for a period of time beyond the date of the death of the insured. Whether that reserve was sufficient is a question of fact which we cannot determine, because the testimony is not before us.

For the reasons stated in the opinion in the Decoy Case, this day handed down, it is ordered that the writs issued herein be recalled and vacated, and relator's application is dismissed at its costs. Relator's right to apply for a rehearing is reserved.

O'NIELL, C. J., dissents.